## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ERIC HLAVACEK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 10-87-GPM** |
| | ) | |
| **ANN BOYLE, D.D.S., Dean of the Southern** | ) | |
| **Illinois University School of Dental Medicine,** | ) | |
| **in her individual and official capacities;** | ) | |
| **BRUCE ROTTER, D.M.D., Associate Dean** | ) | |
| **for Academic Affairs of the Southern Illinois** | ) | |
| **University School of Dental Medicine, in his** | ) | |
| **individual and official capacities; ROBERT** | ) | |
| **FROEMLING, Assistant Professor of Dental** | ) | |
| **Medicine, Southern Illinois University School** | ) | |
| **of Dental Medicine, in his individual and** | ) | |
| **official capacities; CORNELL THOMAS,** | ) | |
| **D.D.S., Professor of Dental Medicine,** | ) | |
| **Southern Illinois University School of Dental** | ) | |
| **Medicine, in his individual and official** | ) | |
| **capacities; DEBORAH DIXON, D.M.D.,** | ) | |
| **Associate Professor of Applied Dental** | ) | |
| **Medicine, in her individual and official** | ) | |
| **capacities; PAUL W. FERGUSON, PhD,** | ) | |
| **Provost and Vice Chancellor of Academic** | ) | |
| **Affairs of Southern Illinois University, in his** | ) | |
| **individual and official capacities; PAUL** | ) | |
| **PITTS, Director of Office of Institutional** | ) | |
| **Compliance, Southern Illinois University** | ) | |
| **Edwardsville, in his individual and official** | ) | |
| **capacities; SHYRLENE CLARK-** | ) | |
| **LANGSTON, Assistant Director of Human** | ) | |
| **Resources, Southern Illinois University, in** | ) | |
| **her individual and official capacities;** | ) | |
| **VAUGHN VANDEGRIFT, Chancellor of** | ) | |
| **Southern Illinois University Edwardsville in** | ) | |
| **his individual and official capacities; and** | ) | |
| **GLENN POSHARD, President of Southern** | ) | |
| **Illinois University, in his individual and** | ) | |
| **official capacities,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Eric Hlavacek filed this 42 U.S.C. § 1983 action, claiming deprivation of procedural due process, First Amendment, and equal protection rights, and Defendants filed this instant motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The Court has reviewed the parties' arguments and finds that Mr. Hlavacek's action should be dismissed for failure to state a claim.[1] Defendants' motion to dismiss is GRANTED.

## BACKGROUND

Mr. Hlavacek entered Southern Illinois University School of Dental Medicine ("the Dental School") for a four year program to obtain a doctorate of dental medicine in the fall semester of 2005. In his first semester, Mr. Hlavacek failed his neuroanatomy course and was placed on academic probation that spring. Mr. Hlavacek attempted the neuroanatomy course again in spring 2006, and again failed. Based on this failure, Defendant Bruce Rotter informed Mr. Hlavacek that he needed to re-enroll in the Dental School to retake the first year curriculum. Mr. Hlavacek did re-enroll and successfully completed take-two of his first semester. In January of 2007, Defendant Rotter notified Mr. Hlavacek via letter that he was in good academic standing.

In May 2007, Defendant Ann Boyle informed the first year class that the common student practice of reviewing previous examinations violated Dental School policy and federal and state law. Defendant Rotter consequently charged every member of the first year class–including Mr. Hlavacek–with violation of Dental School policy, scheduling every first year class member for a hearing on those charges. Mr. Hlavacek appeared for his hearing on August 6, 2007. Before that individual hearing, Defendant Boyle informed the first year class that they were required to re-take two

---

[1] As the Court finds Plaintiff's complaint lacking under the R.12(b)(6) standard, this Order will not address the alternate grounds for dismissal raised in Defendants' motion.

finals before they could be considered second year students. A large number of students–by Mr. Hlavacek's estimation, approximately half of the first year class, including Mr. Hlavacek–appealed that decision. Mr. Hlavacek claimed that Defendant Robert Froemling, an assistant professor, handed out a letter instructing students to withdraw their appeals, lest "the matters…continue" (Doc. 2 at 7). Mr. Hlavacek withdrew his appeal, and he passed the two re-examinations. Mr. Hlavacek did fail his dental materials class that spring. In July of 2007, Mr. Hlavacek was diagnosed with "longstanding pneumonia" which may have existed for "several months" prior to its diagnosis (Doc. 2 at 6). Mr. Hlavacek then informed his dental materials professor, Dr. Stephen D. Smith, not a named defendant, of his pneumonia, hoping to sway Dr. Smith to consider the pneumonia an "extenuating circumstance"–which the class syllabus stated would be considered in determining final grades. Dr. Smith did not alter Mr. Hlavacek's failing grade.

In the fall of 2007, Mr. Hlavacek again failed a final examination, this time in prosthondonics, and he also failed the re-take of that examination in December 2007. Mr. Hlavacek claims that Defendant Froemling, one of the three graders on the re-examination, insisted that Mr. Hlavacek fail. According to the complaint, "[t]wo other students, who had [also] failed a remediation examination for a practical course at [a] near passing grade, were passed" (Doc. 2 at 8). Mr. Hlavacek was informed of his failure during finals period, contrary to Dental School policy. He also failed microbiology and pharmacology in the fall semester of 2007. After these failures, Defendant Rotter informed Mr. Hlavacek that he was again on academic probation, and, on February 14, 2008, Defendant Boyle sent Mr. Hlavacek a letter dismissing him from the Dental School due to his academic performance.

Defendant Boyle sent another letter informing Mr. Hlavacek of a hearing on his dismissal, which Mr. Hlavacek attended on March 5, 2008 with a faculty representative of his choice. On March 12, 2008, Defendant Boyle informed Mr. Hlavacek via letter that his dismissal from the dental school would stand. That letter referenced a hearing of July 9, 2007 which never occurred and also falsely

stated that Mr. Hlavacek had been on academic probation in the spring semester of 2007.[2]  Mr. Hlavacek filed a grievance of his dismissal, alleging Dental School misconduct, to Defendants Pitts and Clark-Langston on March 26, 2008.  Mr. Hvalacek requested that Defendant Pitt contact 14 specific witnesses.  Defendant Pitt obtained statements from seven of those students, as the other seven were occupied with finals.  After two months of investigation, Defendant Paul Ferguson informed Mr. Hlavacek there was no evidence to support the grievance of misconduct.  Mr. Hlavacek's appeal of that outcome was denied.  Independent of that grievance, Mr. Hvalacek appealed his dismissal and was informed in a letter from Defendant Dixon of a hearing on that appeal set for May 8, 2008.  The letter stated that Mr. Hvalacek would not be represented by legal counsel or a faculty advocate at the appeal hearing.  Following the appeal hearing, Mr. Hvalacek was informed of the denial of appeal.  Mr. Hvalacek further appealed his dismissal to the Provost and Chancellor of Southern Illinois University at Edwardsville, the Board of Trustees of Southern Illinois University, and finally to Southern Illinois University President Glenn Poshard–all appeals were denied.

Mr. Hlavacek filed this action alleging deprivation of equal protection, First Amendment rights, and procedural due process.  He claims he had a constitutionally protected property and liberty interest in his continued education at the Dental School as a matter of contract.  His equal protection claim states that Mr. Hlavacek was "required to adhere to a stricter policy than applied to other students similarly situated," and that "the rules and procedures for hearings and dismissal applicable to all other dental students were applied to them, but were not applied to Hlavacek" (Doc. 2 at 16).  His procedural due process claim states that he was placed on academic probation and required to re-enroll without notice of what was required "to obtain enforcement of applicable Dental School policy and no opportunity for a hearing on that," and that he was not provided adequate notice of "the charges" of his

---

[2] By the facts alleged in the complaint, Mr. Hlavacek's was on academic probation the spring semester of 2006, and as of January 8, 2008; but not the spring semester of 2007.

dismissal, nor was he provided a fair hearing with neutral decision makers (Doc. 2 at 15-16).   Mr. Hlavacek also raises a First Amendment claim, stating that Defendants deprived him of his right to petition "his Government for redress of grievances for his objection to Dean Boyle's false charges" (Doc. 2 at 16).   In their motion to dismiss, Defendants argue that Mr. Hlavacek has not adequately pleaded a deprivation of any Constitutional rights.   Defendants argue that Defendants' academic decisions should be given deference.   They also claim that Mr. Hlavacek was not entitled to procedural due process for his academically-motivated dismissal from dental school–though he nevertheless received process in the form of notice, hearing, and appeals–and there was a rational basis for that dismissal.

## ANALYSIS

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."   *Ashcroft v. Iqbal,* — U.S. —, 129 S.Ct. 1937, 1949 (2009), *quoting Bell Atlantic Corp. V. Twombly,* 550 U.S. 544, 570 (2007).   Plausibility "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility." *Iqbal,* 129 S.Ct. at 1949.   While "[s]pecific facts are not necessary," the pleaded facts must "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007).   The Seventh Circuit has succinctly elucidated post-*Twombly* pleading standards:

> So, what do we take away from *Twombly, Erickson,* and *Iqbal*?  First, a plaintiff must provide notice to defendants of her claims.  Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim.  Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

*Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009).   It is, therefore, "not enough to give a threadbare

recitation of the elements of a claim without factual support." *Bissessur v. Indiana Univ. Bd. Of Trs.,* 581 F.3d 599, 603 (7th Cir. 2009). Mr. Hlavacek's claims do not meet this burden and consequently fail to state a claim for which relief can be granted. The Court will address the insufficiency of Mr. Hlavacek's claims in turn.

<u>First Amendment Claim</u>

The Court construes Mr. Hlavacek's vague First Amendment claim as follows: he was not able to pursue his objection to the Dean's decision that all first year students must retake certain examinations in light of the students' practice of studying with previous examination, pursuant to a letter handed out (to all students) by Defendant Froemling stating that the matter would continue if their appeals were not withdrawn. However, even with this generous construction, the claim is not plausible. The pleaded facts themselves arrest any grounds on which this claim could rest. Mr. Hlavacek pleaded that he did in fact pursue a grievance–as did many other dental students–and that he chose–along with other students–to discontinue his grievance once the disputed exams had been rescheduled. Further, his account of the 'letter' merely seems to state the obvious: continuing to grieve the issue would undoubtedly cause the matter to continue. By Mr. Hlavacek's own pleaded facts, the reason he "withdrew" his grievance  was because the reexaminations were already scheduled and he "had no choice" but to study for them. The complaint does not clearly indicate that the letter prompted Mr. Hlavacek to withdraw his grievance. By the pleaded facts, Mr. Hlavacek had a choice and he freely chose to withdraw his grievance. He has not pleaded any *prima facie* case of First Amendment deprivation, so his claim fails under the R.12(b)(6) standard.

<u>Equal Protection Claim</u>

Mr. Hlavacek claims that Defendants applied Dental School policies of grading, re-taking credits, and announcing failing grades differently to him than as to other dental students. He does not claim that he is a member of a "suspect" class or that he was denied any fundamental right–assertions

that would warrant strict scrutiny of his equal protection rights. *See Srail v. Village of Lisle,* 588 F.3d 940, 943 (7th Cir. 2009). Instead, the proper standard of review for Mr. Hlavacek's equal protection claim is rational basis. *See Vision Church v. Village of Long Grove,* 468 F.3d 975, 1000-01 (7th Cir. 2006). "Rational basis review requires the plaintiff to prove that (1) the state actor intentionally treated plaintiffs differently from others similarly situated; (2) this difference in treatment was caused by the plaintiffs' membership in the class to which they belong; and (3) this different treatment was not rationally related to a legitimate state interest." *Srail,* 588 F.3d at 943. Mr. Hlavacek claims he is in a class-of-one; 'membership' in which supports an equal protection claim if the complaint "alleges that [the plaintiff] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000). The Seventh Circuit has "articulated two standards for determining whether a 'class of one' violation has been shown." *Crowley v. McKinney,* 400 F.3d 965, 972 (7th Cir. 2005). As Judge Posner explained of those two standards:

> The first…requires evidence that the defendant deliberately sought to deprive the plaintiff of the equal protection of the laws for reasons of a personal nature unrelated to the duties of the defendant's position. The second allows a class-of-one to be proved simply by showing that the defendant had without a rational basis intentionally treated the plaintiff differently from others similarly situated.

*Id.* at 972 (internal quotations and citations omitted). Although Mr. Hlavacek argues that the difference between those standards precludes dismissal of his equal protection claim at this stage, the Court actually need not address whether Mr. Hlavacek's class-of-one claim is valid under either standard , as his claim fails to properly establish other similarly situated students *and* it fails to demonstrate that the Defendants had no legitimate state interest. *See Srail,* 588 F.3d at 944.

Mr. Hlavacek fails to identify other students who were "similarly situated but intentionally treated differently than he," as is required. *McDonald v. Village of Winnetka,* 371 F.3d 992, 1002 (7th Cir. 2004). "To be similarly situated for purposes of a class-of-one equal protection claim, the persons

alleged to have been treated more favorably must be identical or directly comparable to the plaintiff in all material respects." *Reget v. City of La Crosse,* 595 F.3d 691, 695 (7th Cir. 2010). Here, Mr. Hlavacek was not treated any differently from the  students he was similarly situated to, and he has not established that the students from whom he was allegedly treated differently were similarly situated. He was arguably similarly situated to other students who attempted to appeal the decision to require all first-year students to retake examinations on the basis of their review of previous tests.  However, Defendants treated him no differently than those other students–the other students also had to retake the examinations, and other students who filed a grievance also received a letter advising them to withdraw their grievance lest the matter continue.  On the other hand, Mr. Hlavacek fails to establish that he was similarly situated to students from whom he claims he actually was treated differently.  The Court notes that those allegations of 'different treatment' are general in the extreme.  Mr. Hlavacek simply recites that rules and procedures for hearings and dismissal were applied to "all other dental students," but "were not applied to Hlavacek" (Doc. 2 at 16).  Such a "threadbare recitation of the elements of a claim without factual support" fails the requisite pleading standard.  *Bissessur,* 581 F.3d at 603.   Furthermore, Mr. Hlavacek does not allege that these other dental students were as academically inept as he was by failing at least five courses, including course-work and examinations he was allowed to re-take.

Neither does Mr. Hlavacek allege that Defendants lacked a legitimate state interest.  Defendants argue they were, in fact, demonstrably pursuing their legitimate state interest of "offering a high-quality academic program and training qualified dentists" (Doc. 13 at 11).  The Court agrees that turning out competent dentists is a legitimate interest of a state dental school, and finds that the Defendants' actions were rationally related to this purpose.  Defendants' citation of *Regents of the University of Michigan v. Ewing* is appropriate:

> [I]t nevertheless remains true that [Ewing's] dismissal from the Inteflex program rested
> on an academic judgment that is not beyond the pale of reasoned academic decision-

making when viewed against the background of his entire career at the University of Michigan, including his singularly low score on the NBME Part I examination. Nor does the University's termination of Ewing substantially deviate from accepted academic norms when compared with its treatment of other students. To be sure, the University routinely gave others an opportunity to retake the NBME Part I. But despite tables recording that some students with more incompletes or low grades were permitted to retake the examination after failing it the first time…we are not in a position to say that these students were "similarly situated" with Ewing. The Board was able to take into account the numerous incompletes and makeup examinations Ewing required to secure even marginally passing grades, and…it was uniquely positioned to observe Ewing's judgment, self-discipline, and ability to handle stress, and was thus especially well situated to make the necessarily subjective judgment of Ewing's prospects for success in the medical profession.

474 U.S. 214, 227-28, n. 14 (1985). Likewise here, Defendants were in the best position to decide

whether academic censure of Mr. Hlavacek, finally including his dismissal from the school, best suited

their legitimate interest of introducing safe and qualified professionals into the public to practice. Mr.

Hlavacek does not plausibly allege that Defendants' actions were not rationally related to that purpose,

so his equal protection claim fails.

    Procedural Due Process Claim

    "A procedural due process claim requires a two-fold analysis. First, we must determine

whether the plaintiff was deprived of a property or a liberty interest.…If he has such an interest, then

we move to the second step, a determination of what process is due." *McMahon v. Kindlarski,* 512

F.3d 983, 987-88 (7th Cir. 2008). Here, Mr. Hlavacek fails to allege sufficient facts that he was

deprived of a property interest, namely an interest in continuing his dental education. Mr. Hlavacek

attempts to conjure a property right "as a matter of contract after enrollment and payment of tuition

and fees" (Doc. 2 at 15). While "[a] graduate student does not have a federal constitutional right to

a continued graduate education…a student may establish that an implied contract existed between

himself and the university that entitled the student to a specific right, such as the right to a continuing

education." *Bissessur,* 581 F.3d at 601. "A right established by an implied contract between a student

and a university can be a property interest subject to constitutional protection, but to receive such

protection, the student must first show that the implied contract establishes an entitlement to a tangible continuing benefit." *Id.* at 602.

Mr. Hlavacek's complaint alleges that such an implied contract arose from "the course catalog, handbook, and Dental School policies setting forth what a student is required to do to remain in good standing and to obtain the degree offered by the Dental School" (Doc. 2 at 15). This bare-bones assertion of an implied contract is insufficient. *Bissessur* remains instructive: "In order to establish this type of entitlement, the student must point to an *identifiable contractual promise* that the university failed to honor. Absent evidence of such *a specific promise*, the court will not participate in second-guessing the professional judgment of the University faculty on academic matters." *Bissessur,* 581 F.3d at 602 (emphasis added), *quoting Bd. of Regents of State Colleges v. Roth,* 408 U.S. 564, 574 (1972), *Ross v. Creighton Univ.,* 957 F.2d 410, 415 (7th Cir. 1992). Mr. Hlavacek does not cite any specific promise, and his request for discovery in order to "obtain the complete documents that are applicable to the relationship between the student and the Dental School" does not rectify that lack of specificity. The "argument that the exact details of the contract will become clear during discovery runs counter to the holding of *Twombly*, which dictates that the complaint itself must contain sufficient factual detail to describe the parameters of the contract before discovery may commence." *Bissessur,* 581 F.3d at 603. Mr. Hlavacek's complaint lacks the requisite detail that could give notice of an implied contract−without which he cannot establish a property right or entitlement to constitutionally protected procedural due process.

Further, even if Mr. Hlavacek could establish a property right, the facts alleged in the complaint show that he was afforded sufficient process. Academic dismissals, which Mr. Hlavacek's dismissal indisputably was, "as opposed to disciplinary dismissals, require no hearing at all." *Martin v. Helstad,* 699 F.2d 387, 391 (7th Cir. 1983). Rather, "[i]n an academic dismissal, it is sufficient that the student was informed of the nature of the faculty's dissatisfaction and that the ultimate decision to dismiss was

careful and deliberate." *Fenje v. Feld,* 398 F.3d 620, 626 (7th Cir. 2005), *citing Board of Curators of Univ. Of Missouri v. Horowitz,* 435 U.S. 78, 85 (1978).  Mr. Hlavacek claims that he was not duly informed of the Defendants' dissatisfaction because there was "no notice of what was required" to avoid academic probation and because "there was not adequate notice of the charges" which prompted his dismissal (Doc. 2 at 15-16).  These claims are wholly unsupported by any alleged facts.  Mr. Hlavacek indicates that the reason he was placed on academic probation was because he failed several courses (Doc. 2 at 5-8).  He was undisputably informed of those course failures, and he acknowledges in his complaint that they were the cause of his probation.  Similarly, Mr. Hlavacek states that he received a letter informing him that his dismissal resulted from failing grades (Doc. 2 at 10).  He was clearly informed that he was on thin academic ice.  Mr. Hlavacek also appears to claim that Defendants' decision to dismiss him was not careful or deliberate when he alleges that the decision makers were not neutral and relied on false information (namely, the notice of dismissal indicated that a previous academic hearing had taken place and that Mr. Hlavacek had been on academic probation during a semester when he was in fact in good standing).  Again, Mr. Hlavacek's pleaded facts do not support an allegation that the dismissal process was neither careful nor deliberate.  Mr. Hlavacek received not one, but two hearings on his dismissal–neither of which was required under *Horowitz.* He was allowed to present evidence, including reports from his treating physician and psychiatrist, and he was accompanied by a faculty representative of his choice.  The decision to dismiss was made seven days after Mr. Hlavacek's hearing, so there is no indication that it was a pre-ordained decision.  Nor were further Defendant decisions clearly perfunctory–the appeals process stretched over at least four months.  The complaint's bare allegation that "the decision maker was not neutral" is unsupported and provides no notice to the Defendants or this Court of how Mr. Hlavacek could claim that he was provided with anything but indulgent due process.

## **CONCLUSION**

The allegations as pleaded in Mr. Hlavacek's complaint do not plausibly support a claim for relief for deprivation of First Amendment, equal protection, or due process rights.  The Court will not cabin the Dental Schools' academic discretion on the basis of these facts.  By the complaint itself, this is a case of a sub-par student unable to meet the educational standards which his hoped-for profession requires.  Defendants' motion to dismiss is therefore GRANTED, and Plaintiff's complaint is dismissed.

**IT IS SO ORDERED.**

DATED: 12/07/10

s/ *G. Patrick Murphy*

G. PATRICK MURPHY
United States District Judge